| | |
|---|---|
| MACCORD NGUYEN, | No. 2:16-cv-00292-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| ADAMS & ASSOCIATES, INC., | |
| Defendant. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion for Judgment on the Pleadings. (ECF No. 18.) Plaintiff Maccord Nguyen ("Plaintiff") opposes the motion. (ECF No. 19.) Defendant has filed a reply. (ECF No. 20.) For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Judgment on the Pleadings (ECF No. 18).

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges he was hired in 1998 as a Residential Advisor for Sacramento Job Corps Center ("SJCC"), a career development facility for at-risk young adults. (ECF No. 18-1 ¶¶ 9–10.) Plaintiff describes his duties as "counseling students" and "maintaining clean and safe living conditions in the dorms." (ECF No. 18-1 ¶ 11.) Plaintiff states he is an Asian American male of Vietnamese descent, over 40 years old, with a medical disability, who is affiliated with California Federation of Teachers Union ("CFTU"). (ECF No. 18-1 ¶¶ 22, 26, 35, 47.)

1

In February 2014, Defendant became the new managing corporation of SJCC. (ECF No. 18-1 ¶ 12.) Plaintiff alleges Defendant announced it would reorganize several job duties for positions, reduce the number of Resident Advisor positions, and create a new Residential Coordinator position. (ECF No. 18-1 ¶ 13.) Plaintiff alleges he submitted a job application and Defendant interviewed him for "approximately five minutes," "in a large room full of tables, in the midst of other interviews taking place." (ECF No. 18-1 ¶¶ 14–17.) Plaintiff alleges he received a rejection letter in March 2014. (ECF No. 18-1 ¶ 18.) Plaintiff alleges "other Job Corps employees with equal or lesser experience were being hired for similar Advisor positions." (ECF No. 18-1 ¶ 20.)

On November 25, 2015, Plaintiff filed a complaint in the Superior Court of Sacramento County. (ECF No. 18-1 at 4.) Defendant answered the complaint and then removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1-1 at 21–28.) Defendant moved for judgment on the pleadings arguing Plaintiff fails to state a claim. (ECF No. 18 at 7.)

Plaintiff alleges claims for violations of the California Fair Employment and Housing Act ("FEHA") and common law, including: (i) age, race, color, national origin, and disability discrimination in violation of California Government Code § 12940(a); (ii) failure to hire in violation of public policy; (iii) retaliation in violation of California Government Code § 12940(h); (iv) failure to prevent discrimination in violation of California Government Code §12940(k); (v) failure to accommodate in violation of California Government Code § 12940(m); (vi) failure to engage in the interactive process in violation of California Government Code § 12940(n), and; (vii) intentional infliction of emotional distress. (ECF No. 18-1 at 4–17.)

**II.    STANDARD OF LAW**

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted).

A judgment on the pleadings is not appropriate if the Court "goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989); Fed. R. Civ. P. 12(d). A district court may, however, "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"While Rule 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to individual causes of action." *Strigliabotti v. Franklin Res., Inc.,* 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005) (citing *Moran v. Peralta Cmty. Coll. Dist.,* 825 F. Supp. 891, 893 (N.D. Cal. 1993)). Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg v. City of Riverside,* 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch. Dist.,* 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

///

///

**III. ANALYSIS**

Defendant argues Plaintiff fails to plead sufficient facts to support any of his claims. (ECF No. 18 at 9.) The Court will discuss each claim in turn.

A. <u>Discrimination in Violation of California Government Code § 12940(a)</u>

Plaintiff alleges he was qualified and capable of performing his job duties, and Defendants knew "Plaintiff was a dark-skinned Asian American of Vietnamese descent," who was over 40 years old, and "suffered from a qualified medical condition." (ECF No. 18-1 ¶¶ 27, 35, 47.) Defendant moves to dismiss Plaintiff's FEHA claims for discrimination on the basis of age, race, color, national origin, and disability, arguing Plaintiff's pleadings are conclusory and "boilerplate." (ECF No. 18 at 10.) Plaintiff states generally all his claims are sufficiently pleaded and the facts alleged "are sufficient to support all of the causes of action." (ECF No. 19 at 4–6.)

*i. Age, Race, Color, and National Origin Discrimination*

FEHA prohibits an employer from discriminating against an employee because of age, race, color, and national origin. CAL. GOV'T CODE § 12940(a). To state a claim for discrimination under FEHA, a plaintiff must show: (i) he was a member of a protected class; (ii) he was performing competently in the position he held; (iii) he suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, No. 116-CV-01705-DAD-SKO, 2017 WL 2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013); *Guz v. Bechtel Nat'l., Inc.*, 24 Cal. 4th 317, 355 (2000)). A plaintiff can demonstrate discriminatory motive by showing "other similarly situated employees outside of the protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. 2015).

Plaintiff alleges Defendant refused to rehire him into a Residential Advisor position, but hired others with equal or less experience into similar Advisor positions, and knew Plaintiff was a member of protected classes. (ECF No. 18-1 ¶¶ 20, 27, & 47.) Plaintiff's allegation Defendant acted because of his membership in various protected classes is a recitation of an element. *See Iqbal*, 556 U.S. at 678. Plaintiff has not alleged facts to support a reasonable inference Defendant

4

acted *because* of his age, race, color, or national origin. *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding the plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or her age being point of discussion).

     *ii.*  *Disability Discrimination*

  FEHA prohibits an employer from discriminating against an employee because of the employee's disability. CAL. GOV'T CODE § 12940(a). To state a claim for disability discrimination under FEHA, a plaintiff must show he (1) suffered from a disability, or was regarded as suffering from a disability; (2) could perform the essential duties of the job with or without reasonable accommodations, and (3) was subjected to an adverse employment action because of the disability or perceived disability." *Mohsin v. California Dep't of Water Res.*, No. 213CV01236TLNEFB, 2016 WL 4126721, at *4 (E.D. Cal. Aug. 3, 2016) (citing *Alsup v. U.S. Bancorp*, No. 2:14-CV-01515-KJM-DAD, 2015 WL 6163453, at *4 (E.D. Cal. Oct. 2015)).

  Plaintiff alleges Defendant knew he suffered from diabetes and refused to rehire him as a Residential Advisor, but hired others with equal or less experience into similar Advisor positions. (ECF No. 18-1 ¶¶ 20 & 35.) Plaintiff's allegation Defendant refused to hire him because of his disability is a recitation of an element. *See Iqbal*, 556 U.S. at 678. Plaintiff has not alleged facts to support a reasonable inference Defendant acted *because* of his disability. In *Achal*, 114 F. Supp. 3d at 797–98 (finding the plaintiff's pleading was sufficient to infer pretext where the plaintiff alleged the defendant claimed it fired him for causing his own disability, but the defendant did not investigate the matter and there was no question as to the plaintiff's job performance during his employment, even after he returned from medical leave).

  Plaintiff's allegations do not give rise to a plausible inference that Defendant failed to hire Plaintiff because of his membership in protected classes. *Achal*, 114 F. Supp. 3d at 798. Because Plaintiff has not alleged facts sufficient to support a plausible inference of a discriminatory motive in relation to any of his discrimination claims, the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's age, race, color, national origin, and disability discrimination claims.

B.  Failure to Hire in Violation of Public Policy

Plaintiff alleges Defendant failed to hire him in violation of public policy by rejecting his application because of his "protected characteristics, including his union affiliation." (ECF No. 18-1 ¶ 59.) Defendant argues Plaintiff's claim related to his union activity is preempted and the remainder of his claim is conclusory and fails to allege sufficient facts to state a claim for failure to hire related to his age, race, color, or national origin. (ECF No. 18 at 11–12.)

i.  *National Labor Relations Act ("NLRA") Preemption*

In cases which involve either an actual or an arguable violation of either Section 7 or 8 of the NLRA, both the states and the federal courts must defer to the "exclusive competence" of the National Labor Relations Board ("NLRB"). *Commc'ns Workers of Am. v. Beck*, 487 U.S. 735, 742 (1988) (citing *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 245 (1959)). NLRA Section 7 protects employees' rights to join labor unions, collectively bargain, and engage in other activities for purposes of mutual aid. 29 U.S.C. § 157. NLRA Section 8 prevents employers from engaging in unfair labor practices or interfering with employees' rights to join labor unions and bargain collectively. 29 U.S.C. § 158(a)(1)-(3).

Plaintiff's claim for failure to hire based on Plaintiff's active union membership, if proven, would constitute a violation of the NLRA and is subject to *Garmon* preemption. *Clayton v. Pepsi Cola Bottling Grp.*, Civ. A. No. CV85-5957-WMB, 1987 WL 46230, at *7 n.1 (C.D. Cal. Mar. 3, 1987). Plaintiff argues Defendant had multiple illegal reasons for firing him, and *Garmon* preemption should not apply to his *entire* wrongful termination claim, which includes allegations of public policy violations outside NLRB's jurisdiction. (ECF No. 21 at 8–9) (citing *Balog v. LRJV, Inc.*, 204 Cal. App. 3d 1295, 1308–09 (Ct. App. 1988), *reh'g denied and opinion modified* (Sept. 20, 1988) (holding a court retains jurisdiction over wrongful termination claims based on many illegal reasons, if some reason or reasons were not even arguably unrelated to unfair labor practices).

Plaintiff's claims for failure to hire based on age, race, color, national origin, or disability, are not arguably related to violations of either Section 7 or 8 of NLRA, which protect union activities. The scheme of civil protection set out in FEHA is the type of interest "deeply rooted in

local feeling and responsibility" NLRA does not deprive the states of the power to act on. *See Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters*, 436 U.S. 180, 196 (1978); *Carter v. Smith Food King*, 765 F.2d 916, 921 n.6 (9th Cir. 1985).

Accordingly, Plaintiff's claim for wrongful termination based on union membership is preempted by NLRA, but Plaintiff's claim for wrongful termination in violation of public policy regarding Plaintiff's age, race, color, national origin, or disability, is not preempted.

   *ii.* *Pleading Adequacy of Plaintiff's Failure to Hire Claim*

Defendant argues, to the extent Plaintiff's failure to hire claim is not preempted, it fails because it is premised on deficient discrimination claims. (ECF No. 18 at 11.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 19 at 5–6.)

To state a claim for failure to hire based on disparate treatment, a plaintiff must show (1) he belongs to a protected class; (2) he applied for and was qualified for the position he was denied; (3) he was rejected despite his qualifications; and (4) the employer filled the position with an employee not of the plaintiff's class, or continued to consider other applicants whose qualifications were comparable to the plaintiff's after rejecting the plaintiff. *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005).

Plaintiff has not alleged Defendant filled any positions with employees who were not members of the same protected class as Plaintiff nor has Plaintiff alleged Defendant continued to consider other applicants whose qualifications were comparable to Plaintiff's after rejecting Plaintiff. Because Plaintiff has not alleged facts sufficient to support the fourth element of his failure to hire claim, the Court need not analyze the other three elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to hire claim.

  C. <u>Retaliation in Violation of California Government Code § 12940(h)</u>

Plaintiff alleges he engaged in "such protected activities as being a dark-skinned Asian American of Vietnamese descent over the age of 40 diagnosed with a medical condition" and "an active member of the CFT union." (ECF No. 18-1 ¶¶ 68–69.) Plaintiff alleges Defendant terminated his employment because of those alleged protected activities. (ECF No. 18-1 ¶¶ 68–69.) Defendant argues Plaintiff failed to show causation between Plaintiff's termination and any

protected activity. (ECF No. 18 at 12–13.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 19 at 5–6.)

To establish a claim for retaliation under FEHA Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at *12. A "protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042.

Plaintiff does not allege he engaged in any protected activity, such as opposing practices forbidden under FEHA, filing a complaint, testifying, or assisting in any proceeding under FEHA. Further, any claim for retaliation based on union activities would be preempted by the NLRA and subject to the exclusive jurisdiction of NLRB. Because Plaintiff has not alleged facts sufficient to support the first element of his retaliation claim, the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's retaliation claim.

    D.    <u>Failure to Prevent Discrimination in Violation of California Government Code § 12940(k)</u>

Plaintiff alleges "Defendant failed to take 'all reasonable steps necessary' to prevent its employees from engaging in discrimination." (ECF No. 18-1 ¶ 78.) Defendant argues FEHA's Section 12940(k) does not give litigants a private cause of action for a stand-alone claim for failure to prevent discrimination. (ECF No. 18 at 13–14.) Defendant cites the Fair Employment and Housing Commission's ("FEHC") decision in *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding "there cannot be a claim [by a private litigant] for failure to prevent discrimination without a valid claim for discrimination"). (ECF No. 18 at 14.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 19 at 5–6.) As discussed above, Plaintiff has not alleged facts sufficient to state a claim for discrimination based on age, race,

color, national origin, or disability, so Plaintiff's derivative claim for failure to prevent discrimination fails. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to prevent discrimination claim.

### E. Failure to Accommodate in Violation of California Government Code § 12940(m)

Plaintiff alleges Defendant failed to accommodate his disability when Defendant "unreasonably refused to hire him." (ECF No. 18-1 ¶ 90.) Defendant argues Plaintiff does not allege sufficient facts to support this claim, such as whether and how Plaintiff could perform essential job functions, what accommodations were necessary, whether he requested any accommodation, or that Defendant failed to accommodate him. (ECF No. 18 at 15.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 19 at 5–6.)

To state a claim for failure to accommodate, a plaintiff must show: (1) he suffered from a disability covered by FEHA; (2) he was otherwise qualified to do his job; and (3) the defendant failed to reasonably accommodate his disability. *Mohsin*, 2016 WL 4126721, at *4 (E.D. Cal. Aug. 3, 2016); *see also Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 256 (2000). "To face liability under section 12940(m), an employer must have been aware of the employee's disability." *Achal*, 114 F. Supp. 3d at 799 (citing *King v. United Parcel Serv., Inc.,* 152 Cal. App. 4th 426, 443 (2007). "An employee cannot demand clairvoyance of his employer." *King,* 152 Cal. App. 4th at 443.

Plaintiff states Defendant knew of, or was aware of, Plaintiff's "medical condition involving Diabetes." (ECF No. 18-1 ¶¶ 39, 89, & 98.) Plaintiff, however, has not alleged any facts to support his conclusion Defendant had knowledge of his condition or disability. Because Plaintiff has not alleged facts sufficient to support a plausible inference Defendant was aware of his condition and disability, the Court need not analyze the other elements of Plaintiff's claim. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to accommodate claim.

///

///

///

F. <u>Failure to Engage in the Interactive Process in Violation of California Government Code § 12940(n)</u>

Plaintiff alleges Defendant failed to "engage in a timely, good-faith, interactive process with [him] to determine effective reasonable accommodations for him to fill his previous position." (ECF No. 18-1 ¶ 98.) Defendant argues Plaintiff does not allege sufficient facts to support his claim, such as whether "he made a request for accommodation, or how [Defendant] knew of his alleged disability." (ECF No. 18 at 15.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 19 at 5–6.)

"FEHA imposes on employers a mandatory obligation to engage in the interactive process once an employee requests an accommodation for his or her disability, or when the employer itself recognizes the need for one." *Achal*, 114 F. Supp. 3d at 800. "Ordinarily, an employee is responsible for requesting accommodation for his or her disability, unless the employer itself recognizes that an employee has a need for such accommodation." *Id.* at 799 (citing *Brown v. Lucky Stores,* 246 F.3d 1182, 1188 (9th Cir.2001)).

Plaintiff states Defendant was aware of Plaintiff's "medical condition involving Diabetes but failed to engage in a timely, good-faith, interactive process." (ECF No. 18-1 ¶¶ 98.) Plaintiff, however, has not alleged any facts to support his conclusion Defendant was aware of his condition and disability or failed to engage in the interactive process. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to engage in the interactive process claim.

G. <u>Intentional Infliction of Emotional Distress</u>

Plaintiff alleges Defendant refused to hire Plaintiff "with the intent to cause emotional distress or with reckless disregard of the probability" of doing so. (ECF No. 18-1 ¶ 104–05.) Defendant argues Plaintiff's claim fails as a matter of law because Plaintiff's allegations with respect to intentional infliction of emotional distress relate to personnel management activities, which cannot constitute "extreme and outrageous conduct." (ECF No. 18 at 15–16.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 19 at 5–6.)

///

10

To state a claim for intentional infliction of emotional distress, a plaintiff must show, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Extreme and outrageous conduct must "exceed all bounds of that usually tolerated in a civilized community." *Id.* at 1050–51. "Whether a defendant's conduct can reasonably be found to be [extreme and] outrageous is a question of law that must initially be determined by the court." *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007).

"A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electrs.,* 46 Cal. App. 4th 55, 80 (1996). "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Id.* Personnel management activity includes, "hiring and firing, job or project assignments, office or work station assignment, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off." *Id.* at 64–65.

Plaintiff alleges Defendant failed to hire him in favor of less qualified applicants despite Defendant's knowledge of Plaintiff's "protected characteristics." (ECF No. 18-1 ¶ 105.) Plaintiff has not alleged any facts that are outside Defendant's employment and supervisory duties. The action Plaintiff does allege — making a hiring decision — is an activity California courts have expressly found constitutes personnel management activity. *Janken,* 46 Cal. App. 4th at 64–65.

Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's intentional infliction of emotional distress claim.

### IV.  LEAVE TO AMEND

Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg,* 300 F. Supp. 2d at 945; *Carmen,* 982 F. Supp. at 1401. The Court cannot say that the pleading could not possibly be cured by alleging other facts. Accordingly, the Court GRANTS Plaintiff leave to amend the complaint within 30 days of the date of this Order.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (ECF No. 18) is hereby GRANTED as to all claims with leave to amend within 30 days of the date of this Order.

IT IS SO ORDERED.

Dated: September 11, 2017

Troy L. Nunley
United States District Judge