1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   MACORD NGUYEN,                          No. 2:16-cv-00292-TLN-KJN

12                  Plaintiff,

13        v.                                 **ORDER GRANTING DEFENDANT'S
                                             MOTION TO DISMISS PLAINTIFF'S
14   ADAMS & ASSOCIATES, INC.,               FIRST AMENDED COMPLAINT**

15                  Defendant.

16

17        This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s

18   ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint.  (ECF No. 26.)  Plaintiff

19   Macord Nguyen ("Plaintiff") opposes the motion.  (ECF No. 27.)  Defendant has filed a reply.

20   (ECF No. 29.)  For the reasons discussed below, the Court hereby GRANTS Defendant's Motion

21   to Dismiss, (ECF No. 26), with prejudice.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                             1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges he was hired in 1998 as a Residential Advisor for Sacramento Job Corps Center ("SJCC"), a career development facility for at-risk young adults.  (ECF No. 25 ¶¶ 9–10.) Plaintiff describes his duties as "counseling students" and "maintaining clean and safe living conditions in the dorms."  (ECF No. 25 ¶ 11.)  Plaintiff states he is "a dark-skinned Asian American of Vietnamese descent," over 40, with diabetes, who was an active member of California Federation of Teachers Union ("CFTU").  (ECF No. 25 ¶¶ 12, 43, 56, 64.)

In February 2014, Defendant became the new managing corporation of SJCC.  (ECF No. 25 ¶ 14.)  Plaintiff alleges Defendant announced it would reorganize several job duties, reduce the number of Resident Advisor positions, and create a new Residential Coordinator position.  (ECF No. 25 ¶ 15.)  Plaintiff alleges he applied and Defendant interviewed him for "approximately five minutes," "in a large room full of tables, in the midst of other interviews taking place."  (ECF No. 25 ¶¶ 16, 25.)  Plaintiff alleges he received a rejection letter in March 2014.  (ECF No. 25 ¶ 26.)

Plaintiff alleges "other Job Corps employees with equal or lesser experience were being hired for similar Advisor positions."  (ECF No. 25 ¶ 28.)  Plaintiff alleges "he had significantly more experience and qualifications than several younger, Caucasian and Hispanic applicants who were hired for positions by Defendant."  (ECF No. 25 ¶ 31.)  Plaintiff alleges Defendant requested applicants provide documentation of employment with SJCC, including pay records, and believes that Defendant used the documents to identify more senior employees who were paid at a higher rate.  (ECF No. 25 ¶ 32.)  Plaintiff alleges "employees who were younger and of other races were given more favorable treatment in the employment applications process."  (ECF No. 25 ¶ 35.)

Plaintiff alleges he "complained personally and through his union representation" that he believed he was not hired because Defendant discriminated in hiring based on age and race and against current SJCC employees.  (ECF No. 25 ¶¶ 30, 33, 34.)  Plaintiff alleges Defendant "asked other employees regarding potential and false charges of improper conduct in his past employment" at SJCC.  (ECF No. 25 ¶ 37.)  Plaintiff alleges Defendant "asked impermissible questions regarding his background and denied him the ability to counter false allegations regarding his employment history."  (ECF No. 25 ¶ 38.)

Defendant moved for judgment on the pleadings arguing Plaintiff failed to state a claim. (ECF No. 18.) The Court granted Defendant's motion as to all claims and granted Plaintiff leave to amend his complaint. (ECF No. 24.) Plaintiff amended his complaint, alleging the same nine claims for violations of California's Fair Employment and Housing Act ("FEHA") and common law. (ECF No. 25.) Defendant moves to dismiss for failure to state a claim. (ECF No. 26.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 350 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that

3

have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Defendant argues Plaintiff failed to allege sufficient facts. (ECF No. 26 at 3.)

A.     Discrimination in Violation of California Government Code § 12940(a)

Plaintiff alleges Defendant discriminated against him by refusing to hire him due to his age, medical condition of diabetes, and race, in violation of FEHA. (ECF No. 25 ¶¶ 45, 57, 65.) To state a claim for discrimination under FEHA, a plaintiff must allege facts sufficient to show:

(i) he was a member of a protected class; (ii) he was performing competently in the position he held; (iii) he suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, 2017 WL 2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013)). A plaintiff can demonstrate discriminatory motive by showing "other similarly situated employees outside of the protected class were treated more favorably." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. July 14, 2015).

Plaintiff alleges "employees with equal or lesser experience were being hired for similar Advisor positions," (ECF No. 25 ¶ 28), but does not allege those other employees did not have disabilities or were different ages or races than Plaintiff. Plaintiff alleges "he had significantly more experience and qualifications than several younger, Caucasian and Hispanic applicants who were hired for positions by Defendant," (ECF No. 25 ¶ 31), but does not allege they were hired into the Resident Advisor position for which Plaintiff applied. Plaintiff alleges Defendant asked other employees about possible improper conduct in his past employment at SJCC and "asked impermissible questions" regarding his background, (ECF No. 25 ¶¶ 37–38), but does not provide factual support for these statements nor allege employees of different ages, races, or without medical conditions were treated differently in this respect.

Plaintiff has not alleged facts showing he was treated differently than similarly situated individuals who were not of Plaintiff's age, race, or suffered from medical conditions. *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. Jan. 11, 2017) (finding the plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or her age being point of discussion); *cf. McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004) (finding African American plaintiff stated a case for failure to promote by showing the employer transferred a white manager into a position rather than promoting any of the interviewees); *Achal*, 114 F. Supp. 3d at 801–02 (finding the plaintiff pleaded specific non-conclusory facts sufficient to give rise to a plausible inference religion was a significant motivating factor in his termination and defendant's proffered reason was pretextual, where the plaintiff alleged his

supervisor complained about his time off for religious practice and called one of the practices of the plaintiff's Hindu faith "ridiculous," the defendant claimed it fired him for benefits fraud but never investigated, and there was no question as to his job performance during his employment).

Plaintiff also alleges "employees who were younger and of other races were given more favorable treatment in the employment applications process, receiving promotions to positions previously held by older, minority employees." (ECF No. 25 ¶ 35.) Plaintiff does not provide factual support for these conclusions nor explain whether and how any differences in treatment among other employees relate to his claims. Plaintiff alleges Defendant asked applicants to provide documentation of their SJCC employment, including pay records, and Plaintiff states he believes they were used "to identify more senior employees who were paid at a higher rate." (ECF No. 25 ¶ 32.) Again, Plaintiff does not allege that only some subset of employees was asked to provide this documentation. While Plaintiff concludes the request was to identify more senior employees, he does not offer facts to support that conclusion. Plaintiff also concludes Defendant's goal was to identify employees who were being paid at a higher rate, but again he does not offer any factual support for that conclusion nor does he cite authority for the proposition that considering pay rate is improper.

A plaintiff alleging disparate treatment must allege facts showing he was treated less favorably than other similarly situated individuals. *Ravel*, 228 F. Supp. 3d at 1099. Plaintiff's allegations are insufficient to plausibly suggest Defendant acted *because* of his race, age, or medical condition. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claims for age, race, and disability discrimination.

### B. Failure to Hire in Violation of Public Policy

Plaintiff alleges Defendant failed to hire him in violation of public policy by rejecting his application because of his "protected characteristics, including his age, disability, and race." (ECF No. 25 ¶ 74.) To state a claim for failure to hire based on disparate treatment, a plaintiff must show the employer filled the position with an employee not of the plaintiff's class, or continued to consider other applicants of comparable qualifications after rejecting the plaintiff. *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005).

Plaintiff has not alleged Defendant filled the Resident Advisor positions with employees who were not members of the same protected class as Plaintiff. Plaintiff has not alleged Defendant continued to consider other applicants whose qualifications were comparable to Plaintiff's who were not members of the same protected class as Plaintiff after rejecting Plaintiff for that position. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to hire in violation of public policy.

C. Retaliation in Violation of California Government Code § 12940(h)

Plaintiff alleges Defendant retaliated against him "by refusing to hire him on account of such protected activities as being a dark-skinned Asian American of Vietnamese descent over the age of 40 diagnosed with a medical condition." (ECF No. 25 ¶ 83.) To state a claim for retaliation under FEHA Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at *12. A "protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042.

Plaintiff does not allege Defendant retaliated against him for any protected activity, such as opposing practices forbidden under FEHA, filing a complaint, testifying, or assisting in any proceeding under FEHA. CAL. GOV'T CODE § 12940(h). The "activities" Plaintiff labels as protected activities, "being dark-skinned Asian American of Vietnamese descent over the age of 40 diagnosed with a medical condition," are not protected activities under FEHA. *Id*. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for retaliation.

D. Failure to Prevent Discrimination in Violation of California Government Code §12940(k)

Plaintiff alleges "Defendant failed to take 'all reasonable steps necessary' to prevent its employees from engaging in discrimination," and asserts a claim under California Government Code § 12940(k). (ECF No. 25 ¶¶ 90–91.) FEHA's § 12940(k) does not give private litigants a

private cause of action for a stand-alone claim for failure to prevent discrimination as an independent statutory violation. *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at \*12 (Oct. 19, 2010) (holding there cannot be a claim by a private litigant for failure to prevent discrimination without a valid claim for discrimination). As discussed above, Plaintiff has not alleged facts sufficient to state a claim for discrimination based on age, race, or disability, so Plaintiff's derivative claim for failure to prevent discrimination fails. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to prevent discrimination.

E.   Failure to Accommodate in Violation of California Government Code § 12940(m)

Plaintiff alleges Defendant was aware Plaintiff had a "medical condition involving Diabetes," but "unreasonably refused to hire him." (ECF No. 25 ¶¶ 102–03.) To state a claim for failure to accommodate, a plaintiff must allege facts that show he suffered an adverse employment action because of the disability. *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (citing *Nunes v. Wal-Mart Stores, Inc.,* 164 F.3d 1243, 1246 (9th Cir. 1999)).

Plaintiff does not allege he required accommodation, how he was limited or able to perform the essential job functions, how Defendant knew he required accommodation, that he requested accommodation, and that Defendant denied the request or failed to accommodate him. *Steiner v. Verizon Wireless*, No., 2014 WL 202741, at \*5 (E.D. Cal. Jan. 17, 2014) (granting the defendant's motion to dismiss the plaintiff's ADA claim for failure to accommodate where the plaintiff alleged her employment was terminated because of her disability but did not plead facts to support each required element, such as whether, when, and what accommodations she needed and requested, and whether and why the requests were denied). Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to accommodate.

F.   Failure to Engage in the Interactive Process in Violation of California Government Code § 12940(n)

Plaintiff alleges Defendant was aware Plaintiff had diabetes and failed to "engage in a timely, good-faith, interactive process with [him] to determine effective reasonable accommodations for him to fill his previous position as Resident Advisor." (ECF No. 25 ¶ 111.)

"Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations." *Humphrey v. Mem'l Hosps. Ass'n.*, 239 F.3d 1128, 1137 (9th Cir. 2001).

Plaintiff has not alleged he required or requested accommodation. Plaintiff has not alleged facts sufficient to support an inference Defendant knew he required accommodation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089–90 (9th Cir. 2002) (the plaintiff informed the employer on his application that he was hearing impaired and said during the interview he would have done better better with a sign language interpreter); *Joseph v. Target Corp.*, 2015 WL 351444, at *14 (E.D. Cal. Jan. 23, 2015) (the defendant knew the plaintiff had been on medical leave, still experienced symptoms such as memory loss, and was challenged in performing his job). Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to engage in the interactive process.

G.      Intentional Infliction of Emotional Distress

Plaintiff alleges Defendant failed to hire him in favor of less qualified applicants despite Defendant's knowledge of Plaintiff's "protected characteristics." (ECF No. 25 ¶ 118.) To state a claim for intentional infliction of emotional distress, a plaintiff must show, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electrs.,* 46 Cal. App. 4th 55, 80 (1996). "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Id.*

Plaintiff has not alleged conduct other than making a hiring decision, and that is an activity California courts have found constitute personnel management activity. *Janken,* 46 Cal. App. 4th at 64–65. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for intentional infliction of emotional distress.

## IV.    LEAVE TO AMEND

"A district court may deny a plaintiff leave to amend if it determines that allegations of other facts consistent with the challenged pleading could not possibility cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). Although a court should freely give leave to amend when justice so requires, "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

Plaintiff has had two opportunities to allege facts sufficient to support his claims and has not done so. This Court provided detailed analysis in its order on Defendant's motion for judgment on the pleadings about the deficiencies of the original complaint as to each claim and granted leave to amend. (ECF No. 24.) Those deficiencies have not been cured and it would be futile to allow further opportunities to amend. Accordingly, the Court will not grant leave to amend.

## V.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss, (ECF No. 26), with prejudice. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 13, 2018

Troy L. Nunley
United States District Judge